# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID EARL BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-437-RAW-SPS |
| | ) | |
| OKLAHOMA DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

FILED

MAR 7 2012

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

## OPINION AND ORDER

On November 18, 2010, Plaintiff appearing *pro se* filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), along with a motion to proceed *in forma pauperis* (Dkt. # 2). By Order filed on January 10, 2011, the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed payment of an initial partial filing fee (Dkt. # 7). Thereafter, on January 12, 2011, the Court ordered plaintiff to file an amended complaint to cure deficiencies in the original complaint (Dkt. # 8). On January 31, 2011, Plaintiff filed an amended complaint (Dkt. # 9). On February 22, 2011, the Court entered an amended order waiving payment of the initial partial filing fee (Dkt. # 11). On March 24, 2011, the Defendant filed a Motion to Dismiss (Dkt. # 17). To date, Plaintiff has not filed any response to the motion. For the reasons stated below, this Court finds Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. For that reason, this action shall be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

At the time of filing his Amended Complaint, Plaintiff was incarcerated in the Pontotoc County Justice Center in Ada, Oklahoma. Plaintiff claims he was sentenced to the Department of Corrections on June 24, 2010. Since Plaintiff has not been transferred to a Department of Corrections facility, however, Plaintiff claims he is not receiving the same credits towards service of his sentence nor is he receiving the same privileges and opportunities as other inmates incarcerated within a Department of Corrections facility. In his request for relief, Petitioner asks this Court to order his transfer to the Department of Corrections and place a time limit on the length of time that the Oklahoma Department of Corrections can hold a prisoner within a county jail after he has been sentenced.

The Prison Litigation Reform Act of 1996 ("PLRA") provides that a district court may dismiss an action filed in forma pauperis "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Hall*, 935 F.2d at 1110. After liberally construing Plaintiff's pro se

pleadings, *see Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110, the Court concludes that, as discussed below, Plaintiff's allegations brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted.

Prison officials must be afforded latitude in the administration of prison affairs and, therefore, supervision of the internal affairs of correctional institutions rest with the prison administrators and will not ordinarily be subject to judicial review. *Hutchinson v. Anderson*, 366 F.Supp. 795, 796 (E.D. Okla. 1973). *See also, Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979) and *Evans v. Mosley*, 455 F.2d 1084, 1086 (10th Cir. 1972). Inmates do not have any constitutionally protected liberty or property interest in being incarcerated in any particular facility within the state. Rather, confinement within any institution is within the normal limits or range of custody which the conviction has authorized the state to impose. *See, Olim v. Wakinekona*, 461 U.S. 238 (1983) and *Twyman v. Crisp*, 584 F.2d 352, 356 (10th Cir. 1978).

Plaintiff does not allege any facts to establish that his continued placement within the Pontotoc County Jail has been taken for any constitutionally impermissible reason. Furthermore, there is no constitutional right to earn good time credits, *Wolff v. McDonald*, 418 U.S. 539, 557 (1974).

Additionally, while Plaintiff states that he is receiving "no medical treatment" within the Pontotoc County Jail, he does not allege that he has any medical conditions which require attention. Thus, he has not stated a claim for deprivation of his Eighth Amendment rights.

3

Moreover, there is no constitutional right to particular educational or recreational opportunities within the prison system. Plaintiff does not allege that he has no such opportunities, just that they are not the same as those of inmates incarcerated within the Department of Corrections facilities. Plaintiff also complains about not getting the same access to a law library and the assistance of trained clerks as inmates incarcerated within the Department of Corrections facilities. Plaintiff does not allege, however, that he has been deprived access to the courts. Additionally, Plaintiff complains about his lack of contact visits. Visitation policies are a matter subject to the discretion of prison officials and failure to permit contact visits does not violate the constitution. *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975). Finally, Plaintiff complains that he is not receiving the same diet as prisoners housed within a Department of Corrections facility. Plaintiff does not, however, allege that the diet which he is receiving is unhealthy or that it violates any of his religious beliefs. While prison administrators must provide an adequate diet without violating an inmate's religious dietary restrictions, where the diet is sufficient to sustain the prisoner in good health, no constitutional right has been violated. *Ramsey v. Coughlin*, 1 F.Supp.2d 198, 205 (W.D.N.Y. 1998).

Plaintiff's amended complaint fails to state a claim upon which relief may be granted and shall be dismissed pursuant to 28 U.S.C. § 1915(e). As Plaintiff was afforded the

opportunity to amend his complaint, the dismissal shall be with prejudice. This dismissal counts as Plaintiff's first "prior occasion" under 28 U.S.C. § 1915(g).[1]

**ACCORDINGLY,** Defendant Department of Corrections Motion to Dismiss is **GRANTED** and Plaintiff's civil rights complaint (Dkt. # 1), as amended (Dkt. # 9) is **dismissed with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

**IT IS SO ORDERED** this ___7th___ day of March, 2012.

*Ronald A. White*
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) provides as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5